UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERI LYNN WILSON, #978599,

                Petitioner,

                                CASE NO. 2:19-CV-10030

    v.                         HON. GEORGE CARAM STEEH

SHAWN BREWER,

                Respondent.
_____/

**OPINION & ORDER DENYING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
& DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.   Introduction

Michigan prisoner Sheri Lynn Wilson ("petitioner") has filed a pro se

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting

that she is being held in violation of her constitutional rights.  The petitioner

was convicted of possession with intent to deliver 450 to 999 grams of

cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(ii), possession of a firearm

during the commission of a felony, MICH. COMP. LAWS § 750.227b, and

possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d), following a

jury trial in the Calhoun County Circuit Court.  She was sentenced to 6

years 9 months to 30 years imprisonment on the cocaine conviction, a

consecutive term of 2 years imprisonment on the felony firearm conviction,

and 56 days in jail (time already served) on the marijuana conviction in

2016.  In her pleadings, the petitioner raises claims of illegal search and

seizure and ineffective assistance of trial counsel.  For the reasons set

forth herein, the Court denies the petition for a writ of habeas corpus.  The

Court also denies a certificate of appealability and denies leave to proceed

in forma pauperis on appeal.

## II.   Facts and Procedural History

The petitioner's convictions arise from a traffic stop of her vehicle in

Calhoun County, Michigan on June 3, 2014.  The Michigan Court of

Appeals described the relevant facts, which are presumed correct on

habeas review, see 28 U.S.C. § 2254(e)(1); Wagner v. Smith, 581 F.3d

410, 413 (6th Cir. 2009), as follows:

> Following a tip from a confidential informant, the police set up
> surveillance along an interstate highway to look for a black,
> newer model Lincoln rental car. Detective Sergeant Ray
> Durham, assigned to the South West Enforcement Team
> (SWET), testified that the purpose of the surveillance was to
> locate defendant and determine if she was transporting
> narcotics. Durham contacted Michigan State Police Trooper
> James Gochanour and requested that he perform a traffic stop
> of defendant's vehicle. Gochanour testified that he saw
> defendant's vehicle driving unsafely close behind a semi-truck,

and then observed the vehicle change from the right lane to the left lane without using a turn signal. He conducted a traffic stop based on these observed violations.

Gochanour approached the vehicle and asked defendant, who was in the driver's seat, to produce her license and the vehicle registration. Defendant immediately informed Gochanour that she had a gun on her person, and then provided him with her concealed pistol license, her driver's license, and the vehicle's rental agreement. When Gochanour discovered the gun was not registered, he asked defendant if there were any other firearms, narcotics, or anything illegal in her vehicle, and defendant said that there was not. When Gochanour asked defendant if there was any personal-use marijuana in the car, defendant stated that she had some marijuana inside a container near the "stick." Gochanour and his partner conducted a search of the interior of the vehicle and found marijuana in a container, as well as two duct-taped packages in yellow shopping bags that were inside defendant's purse. Laboratory analysis determined that one of these three containers held 495.4 grams of cocaine, another held 0.05 grams of cocaine, and the third held 6.9 grams of marijuana.

People v. Wilson, No. 333126, 2017 WL 3441481, *1 (Mich. Ct. App. Aug. 10, 2017) (unpublished).

The petitioner filed an appeal of right with the Michigan Court of Appeals raising the same claims presented on habeas review.  The court denied relief on those claims and affirmed her convictions and sentences. Id. at *1-2.  The petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. People v. Wilson, 501 Mich. 1040, 908 N.W.2d 909 (2018).

The petitioner thereafter filed her federal habeas petition. She raises the following claims:

I.    Her automobile and containers in the automobile were searched in violation of her constitutional right against unreasonable searches and seizures and her statements to Trooper Keto and Trooper Gochanour were the fruit of an illegal search.

II.   She was denied her constitutional right to the effective assistance of counsel because her trial attorney failed to file a motion to suppress the evidence taken from her vehicle and her statements to the police.

The respondent filed an answer to the petition contending that it should be denied because the first claim is not cognizable and procedurally defaulted and both of the claims lack merit. The petitioner filed a reply to that answer.

## III.   Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States; or

(2)    resulted in a decision that was based on an
unreasonable determination of the facts in light of
the evidence presented in the State court
proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it
'applies a rule that contradicts the governing law set forth in [Supreme
Court cases]' or if it 'confronts a set of facts that are materially
indistinguishable from a decision of [the Supreme] Court and nevertheless
arrives at a result different from [that] precedent.'" Mitchell v. Esparza, 540
U.S. 12, 15-16 (2003) (per curiam) (quoting Williams v. Taylor, 529 U.S.
362, 405-06 (2000)); see also Bell v. Cone, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a
federal habeas court to 'grant the writ if the state court identifies the correct
governing legal principle from [the Supreme] Court but unreasonably
applies that principle to the facts of petitioner's case." Wiggins v. Smith,
539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413); see also
Bell, 535 U.S. at 694.  However, "[i]n order for a federal court find a state
court's application of [Supreme Court] precedent 'unreasonable,' the state
court's decision must have been more than incorrect or erroneous.  The

state court's application must have been 'objectively unreasonable.'"
Wiggins, 539 U.S. at 520-21 (citations omitted); see also Williams, 529
U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for
evaluating state-court rulings,' and 'demands that state-court decisions be
given the benefit of the doubt.'"  Renico v. Lett, 559 U.S. 766, 773 (2010)
(quoting Lindh, 521 U.S. at 333, n. 7; Woodford v. Viscotti, 537 U.S. 19, 24
(2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes
federal habeas relief so long as 'fairminded jurists could disagree' on the
correctness of the state court's decision."  Harrington v. Richter, 562 U.S.
86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).
The Supreme Court has emphasized "that even a strong case for relief
does not mean the state court's contrary conclusion was unreasonable."
Id. (citing Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  Pursuant to
§ 2254(d), "a habeas court must determine what arguments or theories
supported or ... could have supported, the state court's decision; and then
it must ask whether it is possible fairminded jurists could disagree that
those arguments or theories are inconsistent with the holding in a prior
decision" of the Supreme Court.  Id.  Thus, in order to obtain habeas relief

in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id; see also White v. Woodall, 572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." Woods v. Donald, 575 U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. Woods v. Etherton, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. Williams, 529 U.S. at 412; see also Knowles v. Mirzayance, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this

Court") (quoting Wright v. Van Patten, 552 U.S. 120, 125-26 (2008) (per curiam)); Lockyer, 538 U.S. at 71-72.  Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'"  Harrington, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  Early v. Packer, 537 U.S. 3, 8 (2002); see also Mitchell, 540 U.S. at 16.  The requirements of clearly established law are to be determined solely by Supreme Court precedent.  Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief.  Parker v. Matthews, 567 U.S. 37, 48-49 (2012) (per curiam); see also Lopez v. Smith, 574 U.S. 1, 2 (2014) (per curiam).  The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue.  Stewart v. Erwin, 503 F.3d 488, 493 (6th Cir. 2007) (citing Williams v. Bowersox, 340 F.3d 667, 671 (8th Cir. 2003)); Dickens v. Jones, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review.  See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption with clear and convincing evidence.  Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998).  Lastly, habeas review is "limited to the record that was before the state court."  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

## IV.  Analysis

### A.  Illegal Search and Seizure Claim

The petitioner first asserts that she is entitled to habeas relief because the search of her vehicle and seizure of evidence violated the Fourth Amendment.  The respondent contends that this claim is not cognizable on habeas review, and that it is procedurally defaulted and lacks merit.

The Michigan Court of Appeals considered this claim on plain error review on direct appeal, found no Fourth Amendment violation, and denied relief.  The court explained:

> "The Fourth Amendment of the United States Constitution and article 1, § 11 of the Michigan Constitution protect against unreasonable searches and seizures." People v Barbarich, 291 Mich App 468, 472; 807 NW2d 56 (2011). Stopping a vehicle and detaining its occupants constitutes a seizure. People v Armendarez, 188 Mich App 61, 69; 468 NW2d 893 (1991). But

"[a] traffic stop is reasonable as long as the driver is detained only for the purpose of allowing an officer to ask reasonable questions concerning the violation of law and its context for a reasonable period." People v Williams, 472 Mich 308, 315; 696 NW2d 636 (2005). "The determination whether a traffic stop is reasonable must necessarily take into account the evolving circumstances with which the officer is faced," and "when a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." Id. Further, to establish that a subsequent search of the vehicle complied with the Fourth Amendment under the motor vehicle exception to the warrant requirement, the police must show that "probable cause to support the search exists." People v Kazmierczak, 461 Mich 411, 418–419; 605 NW2d 667 (2000). If probable cause exists to believe that the vehicle contains contraband, the ability to search extends to closed containers that might conceal the object of the search. Id. at 422.

In this case, defendant does not challenge the basis for the initial traffic stop but argues that after she gave Gochanour her gun, further investigation was not warranted and the extended detention was not justified. But Gochanour determined that the gun was not registered—a discovery which constituted an evolving circumstance that justified his decision to extend the time of the detention. See Williams, 472 Mich at 315. Gochanour was also justified in asking defendant questions in order to "resolve the suspicion raised" from finding the unregistered gun, id., including whether she had any other firearms, narcotics, or anything illegal in the vehicle. When Gochanour specifically asked defendant if she had any personal-use marijuana in the car, she said that she did. Although this question did not pertain directly to the discovery of the unregistered gun, it stems from and clarifies Gochanour's legitimate question on whether defendant had any other firearms, narcotics, or anything illegal in the vehicle. In other words, once the situation advanced beyond the circumstances of the traffic stop, Gochanour was justified in seeking additional

information about those evolving circumstances. See id. And after defendant admitted to having marijuana in her vehicle, the police had probable cause to search areas in the vehicle where marijuana likely would be concealed, including defendant's purse which was inside her car. See Kazmierczak, 461 Mich at 418–419, 422. Because the traffic stop was reasonable and the search was supported by probable cause, defendant's argument that the drugs recovered and her subsequent comments to the police were fruit of the poisonous tree is without merit. Accordingly, plain error was not established.

Wilson, 2017 WL 3441481 at *1-2.

It is well-settled that federal courts will not address a Fourth Amendment claim on habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by a failure of the state's corrective process. See Stone v. Powell, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise an illegal arrest claim in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a Fourth Amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." Machacek v. Hofbauer, 213 F.3d 947, 952 (6th Cir. 2000) (quoting Riley v. Gray, 674 F.2d 522 (6th Cir. 1982)).

Michigan has a procedural mechanism which presents "an adequate

opportunity for a criminal defendant to raise a Fourth Amendment claim."
Robinson v. Jackson, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005).  This
procedural mechanism is a motion to suppress, ordinarily filed before trial.
See People v. Ferguson, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59
(1965) (describing the availability of a pre-trial motion to suppress); see
also People v. Harris, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980)
(analyzing the legality of a warrantless search, seizure, and arrest even
though raised for the first time on appeal).  Consequently, the petitioner is
entitled to relief on this claim only if she shows that she was prevented
from litigating the Fourth Amendment issue by a failure of Michigan's
procedural mechanism.

The petitioner makes no such showing.  Rather, the record indicates
that she had the opportunity to raise an illegal search and seizure claim
before the trial court (although she did not do so), and that she raised the
claim on direct appeal and was denied relief on plain error review of the
merits of the claim.  Consequently, her Fourth Amendment claim is not
cognizable on federal habeas review pursuant to Stone v. Powell.  Habeas
relief is not warranted on this claim.

**B.    Ineffective Assistance of Counsel Claim**

The petitioner relatedly asserts that she is entitled to habeas relief because trial counsel was ineffective for failing to seek suppression of the evidence seized from her vehicle and the statements that she made to police at the scene.  The respondent contends that this claim lacks merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel.  First, a petitioner must prove that counsel's performance was deficient.  This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment.  Id. at 687.  Second, a petitioner must establish that counsel's deficient performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or a fair appeal.  Id.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."  Id. at 690.  The reviewing court's scrutiny of counsel's performance is highly

deferential. Id. at 689. There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Id. at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. Id. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by Strickland and § 2254(d) are

-14-

both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  Harrington, 562 U.S. at 105 (citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Id.

The Michigan Court of Appeals considered this claim on direct appeal and denied relief.  The court explained:

> Moreover, defendant's ineffective assistance of counsel claim premised on the failure to file a motion to suppress the evidence recovered from the traffic stop also fails because counsel is not required to file a futile motion. See People v Ericksen, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Wilson, 2017 WL 3441481 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Given the Michigan Court of Appeals' ruling that there was no Fourth Amendment violation, the petitioner cannot establish that counsel erred and/or that she was prejudiced by counsel's conduct.  Defense counsel cannot be deemed ineffective for failing to make a futile or meritless objection.  See Coley v. Bagley, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor

prejudicial."); <u>United States v. Steverson</u>, 230 F.3d 221, 225 (6th Cir. 2000).  Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the Court concludes that the petitioner is not entitled to federal habeas relief on her claims.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before the petitioner may appeal this decision, a certificate of appealability must issue.  <u>See</u> 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b).  A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).  The petitioner makes no such showing.  Accordingly, the Court **DENIES** a

certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith.  <u>See</u> FED. R. APP. P. 24(a).  Accordingly, the Court **DENIES** the petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

Dated:  October 28, 2020

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 28, 2020, by electronic and/or ordinary mail and also on Sheri Lynn Wilson #978599, Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197.

s/Brianna Sauve
Deputy Clerk

---